Filed 5/10/13  P. v. Trejo CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL TREJO,<br><br>    Defendant and Appellant. | B244686<br><br>(Los Angeles County<br>Super. Ct. No. BA279423) |

APPEAL from an order of the Superior Court of Los Angeles County, John Fisher, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Manuel Trejo appeals from an order denying his petition for an order granting additional presentence conduct credit pursuant to Penal Code sections 2933 and 4019 and an order correcting his abstract of judgment to reflect that his robbery conviction was a serious felony and not a violent felony.  On appeal, defendant's appointed counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting this court to conduct an independent review of the record to determine if there are any arguable issues.  On January 23, 2013, we gave notice to defendant that counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider.  Defendant did not file a responsive brief or letter.  We affirm.

## PROCEDURAL BACKGROUND[1]

On August 18, 2005, defendant was convicted of robbery.  (Pen. Code, § 211.)  He received 174 days of actual custody credit and 26 days of conduct credit.  On August 13, 2012, defendant filed a petition for an order granting additional conduct credit under amendments to Penal Code sections 2933 and 4019 that became effective on October 1, 2011, and for an order correcting his abstract of judgment to reflect that his robbery conviction was a serious felony and not a violent felony.  The trial court denied the petition.

## DISCUSSION

We appointed counsel to represent defendant in this appeal.  After examining the record, counsel filed an opening brief asking this court to independently review the

---

[1]    Defendant appeals from the denial of a post-judgment petition.  The record on appeal does not contain information concerning the facts of defendant's crime.  The facts of defendant's crime were not relevant to the trial court's disposition of defendant's petition.  Accordingly, this opinion does not include a statement of those facts.  The procedural facts are taken, in large part, from defendant's petition.

record in accordance with People v. *Wende, supra,* 25 Cal.3d 436. On January 23, 2013, we gave notice to defendant that counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant did not submit a brief or letter. We have examined the entire record and are satisfied that defendant's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL RESULTS.


MOSK, J.


We concur:


TURNER, P. J.


ARMSTRONG, J.